Peter R. Afrasiabi, Esq. (Bar No. 193336)
John Tehranian, Esq. (Bar. No. 211616)
TURNER GREEN AFRASIABI & ARLEDGE LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone:   (714) 434-8750
Facsimile:   (714) 434-8756

Attorneys for Plaintiff
X17, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| X17, INC., a California corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>MARIO LAVANDEIRA, dba Perez Hilton, and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. CV 06-07608 GAF (JCX)<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND "HOT NEWS" MISAPPROPRIATION** |

X17, INC. ("X17"), by and through its attorneys of record, complain against MARIO LAVANDEIRA, dba Perez Hilton ("LAVANDEIRA"), and DOES 1 through 10 ("DOES") (collectively "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief against Defendants LAVANDEIRA and DOES 1 through 10 for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2.     This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., and 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright) and supplement jurisdiction for the unfair competition claims under 28

10096.1

1

**COMPLAINT**

DOCKETED ON CM

JAN 10 2007

1 | U.S.C. § 1367(a) because those claims are so related to the federal claims brought herein as
2 | to form part of the same case or controversy.

3 |     3.    Defendants are subject to the personal jurisdiction of this Court and venue is
4 | proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the acts of
5 | infringement complained of herein occurred in this Judicial District and the Defendants
6 | reside, may be found and transact business in this Judicial District.

7 | **PARTIES**

8 |     4.    Plaintiff X17 is a California corporation with a principal place of business in
9 | Pacific Palisades, California.

10 |     5.    Plaintiff is informed and believes and, upon such, alleges that Defendant
11 | Lavandeira is an individual residing in California and doing business under the name Perez
12 | Hilton as the sole owner and operator of the Internet website located at
13 | http://www.perezhilton.com.

14 |     6.    The true names or capacities, whether individual, corporate or otherwise, of
15 | the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff,
16 | who therefore sue said Defendants by such fictitious names.  Plaintiff will ask leave of
17 | Court to amend this Complaint and insert the true names and capacities of said Defendants
18 | when the same have been ascertained.

19 |     7.    Plaintiff is informed and believes and, upon such, alleges that each of the
20 | Defendants designated herein as a "DOE" is legally responsible in some manner for the
21 | events and happenings herein alleged, and that Plaintiffs' damages as alleged herein were
22 | proximately caused by such Defendants.

23 | **FACTS**

24 |     8.    Since 2001, Plaintiff has owned and operated one of the world's leading
25 | archives of celebrity-related photographs and has held all intellectual property rights,
26 | including copyrights, thereto.

27 |     9.    For valuable consideration, X17 has licensed the rights to reproduce its
28 | copyrighted works in copies, distribute copies of its copyrighted works, and publicly

10096.1

2
**COMPLAINT**

1  display copies of its copyrighted works, or derivative versions thereof, to hundreds of

2  magazines, newspapers, television stations and other prominent media outlets throughout

3  the world.

4      10.    X17 is particularly renowned for its timely photographs covering breaking

5  news events and its images of leading stories of the day.  Media outlets seeking to scoop

6  the competition and provide their viewers with the most vivid visual depictions of

7  celebrity-related news stories consistently rely on licensing arrangements with X17 for the

8  use of X17's copyrighted photographs.

9      11.    Plaintiff is informed and believes and, upon such, alleges that, under the name

10  "Perez Hilton," the self-styled "queen of all media," Defendant Lavandeira owns and

11  operates a commercial Web log, or "blog," located at http://www.perezhilton.com that

12  provides a series of journal-like entries featuring celebrity gossip written and composed by

13  Lavandeira, receives approximately 2.5 million viewers per day and generates thousands of

14  dollars per day in advertising revenue from its web traffic.

15      12.    Plaintiff is informed and believes and, upon such, alleges that Defendant

16  Lavandeira generates significant revenue the Perez Hilton website through advertising

17      13.    Plaintiff is informed and believes and, upon such, alleges that, on or about

18  March 23, 2006, Lavandeira posted on his website two photographs of pregnant actress

19  Katie Holmes, one by herself and one with actor Tom Cruise.  Both of these photographs

20  were virtually identical reproductions of the copyrighted works of X17.  Lavandeira

21  thereby reproduced X17's copyrighted works in copies, distributed copies of the

22  copyrighted works, and publicly displayed copies of the copyrighted works, or derivative

23  versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds

24  in the photographs.

25      14.    Plaintiff is informed and believes and, upon such, alleges that, on or about

26  April 26, 2006, Lavandeira posted on his website a photograph of singer Britney Spears

27  wearing a cap.  The photograph was a virtually identical reproduction of the copyrighted

28  work of X17.  Lavandeira thereby reproduced X17's copyrighted works in copies,

10096.1

1   distributed copies of the copyrighted works, and publicly displayed copies of the
2   copyrighted works, or derivative versions thereof, in violation of the exclusive rights under
3   17 U.S.C. § 106 that X17 holds in the photograph.

4      15.   Plaintiff is informed and believes and, upon such, alleges that, on or about
5   April 26, 2006, Lavandeira posted on his website four photographs of singer Jessica
6   Simpson shopping.  All four of these photographs were virtually identical reproductions of
7   the copyrighted works of X17.  Lavandeira thereby reproduced X17's copyrighted works in
8   copies, distributed copies of the copyrighted works, and publicly displayed copies of the
9   copyrighted works, or derivative versions thereof, in violation of the exclusive rights under
10  17 U.S.C. § 106 that X17 holds in the photographs.

11     16.   Plaintiff is informed and believes and, upon such, alleges that, on or about
12  May 1, 2006, Lavandeira posted on his website a photograph of actress Heather Locklear
13  leaving a lunch meeting.  The photograph was a virtually identical reproduction of the
14  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in
15  copies, distributed copies of the copyrighted works, and publicly displayed copies of the
16  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under
17  17 U.S.C. § 106 that X17 holds in the photograph.

18     17.   Plaintiff is informed and believes and, upon such, alleges that, on or about
19  May 3, 2006, Lavandeira posted on his website two photographs of the former husband of
20  Britney Spears, Kevin Federline, with cornrows.  Both of these photographs were virtually
21  identical reproductions of the copyrighted works of X17.  Lavandeira thereby reproduced
22  X17's copyrighted works in copies, distributed copies of the copyrighted works, and
23  publicly displayed copies of the copyrighted works, or derivative versions thereof, in
24  violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

25     18.   Plaintiff is informed and believes and, upon such, alleges that, on or about
26  May 16, 2006, Lavandeira posted on his website a photograph of singer Britney Spears
27  driving with her son Sean.  The photograph was a virtually identical reproduction of the
28  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in

1   copies, distributed copies of the copyrighted works, and publicly displayed copies of the

2   copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

3   17 U.S.C. § 106 that X17 holds in the photograph.

4       19.   Plaintiff is informed and believes and, upon such, alleges that, on or about

5   May 31, 2006, Lavandeira posted on his website two photographs of Britney Spears, her

6   child and "manny" on a stroll. Both of these photographs were virtually identical

7   reproductions of the copyrighted works of X17. Lavandeira thereby reproduced X17's

8   copyrighted works in copies, distributed copies of the copyrighted works, and publicly

9   displayed copies of the copyrighted works, or derivative versions thereof, in violation of

10   the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

11       20.   Plaintiff is informed and believes and, upon such, alleges that, on or about

12   June 1, 2006, Lavandeira posted on his website a photograph of actor Tom Cruise and

13   actress Katie Holmes heading to a party. The photograph was a virtually identical

14   reproduction of the copyrighted work of X17. Lavandeira thereby reproduced X17's

15   copyrighted works in copies, distributed copies of the copyrighted works, and publicly

16   displayed copies of the copyrighted works, or derivative versions thereof, in violation of

17   the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

18       21.   Plaintiff is informed and believes and, upon such, alleges that, on or about

19   October 16, 2006, Lavandeira posted on his website seven photographs of "newly slim"

20   singer Britney Spears. All seven of these photographs were virtually identical

21   reproductions of the copyrighted works of X17. Lavandeira thereby reproduced X17's

22   copyrighted works in copies, distributed copies of the copyrighted works, and publicly

23   displayed copies of the copyrighted works, or derivative versions thereof, in violation of

24   the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

25       22.   Plaintiff is informed and believes and, upon such, alleges that, on or about

26   October 19, 2006, Lavandeira posted on his website two photographs of actress Katie

27   Homes. Both of these photographs were virtually identical reproductions of the

28   copyrighted works of X17. Lavandeira thereby reproduced X17's copyrighted works in

1   copies, distributed copies of the copyrighted works, and publicly displayed copies of the

2   copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

3   17 U.S.C. § 106 that X17 holds in the photographs.

4          23.    Plaintiff is informed and believes and, upon such, alleges that, on or about

5   October 20, 2006, Lavandeira posted on his website a photograph of the former husband of

6   Britney Spears, Kevin Federline, with cornrows.  This photograph was a virtually identical

7   reproduction of the copyrighted works of X17.  Lavandeira thereby reproduced X17's

8   copyrighted works in copies, distributed copies of the copyrighted works, and publicly

9   displayed copies of the copyrighted works, or derivative versions thereof, in violation of

10  the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

11         24.    Plaintiff is informed and believes and, upon such, alleges that, on or about

12  October 24, 2006, Lavandeira posted on his website four photographs of actress Mischa

13  Barton in a green dress.  All four of these photographs were virtually identical

14  reproductions of the copyrighted works of X17.  Lavandeira thereby reproduced X17's

15  copyrighted works in copies, distributed copies of the copyrighted works, and publicly

16  displayed copies of the copyrighted works, or derivative versions thereof, in violation of

17  the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

18         25.    Plaintiff is informed and believes and, upon such, alleges that, on or about

19  October 26, 2006, Lavandeira posted on his website a photograph of actress Nicole Kidman

20  carrying her nephew.  The photograph was a virtually identical reproduction of the

21  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in

22  copies, distributed copies of the copyrighted works, and publicly displayed copies of the

23  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

24  17 U.S.C. § 106 that X17 holds in the photograph.

25         26.    Plaintiff is informed and believes and, upon such, alleges that, on or about

26  November 1, 2006, Lavandeira posted on this website three photographs of singer Christina

27  Aguilera and her husband dressed up for Halloween.  The photographs were virtually

28  identical reproductions of the copyrighted work of X17.  Lavandeira thereby reproduced

10096.1

6

**COMPLAINT**

1  X17's copyrighted works in copies, distributed copies of the copyrighted works, and

2  publicly displayed copies of the copyrighted works, or derivative versions thereof, in

3  violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

4      27.    Plaintiff is informed and believes and, upon such, alleges that, on or about

5  November 8, 2006, Lavandeira posted on this website photograph of actor Ryan Phillippe

6  rummaging through his wallet outside a club.  The photograph was a virtually identical

7  reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's

8  copyrighted works in copies, distributed copies of the copyrighted works, and publicly

9  displayed copies of the copyrighted works, or derivative versions thereof, in violation of

10  the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

11      28.    Plaintiff is informed and believes and, upon such, alleges that, on or about

12  November 10, 2006, Lavandeira posted on this website photograph of actress Cameron

13  Diaz in a beige sweater out golfing.  The photograph was a virtually identical reproduction

14  of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works

15  in copies, distributed copies of the copyrighted works, and publicly displayed copies of the

16  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

17  17 U.S.C. § 106 that X17 holds in the photograph.

18      29.    Plaintiff is informed and believes and, upon such, alleges that, on or about

19  November 12, 2006, Lavandeira posted on this website two photographs of actress Jennifer

20  Aniston shopping.  The photographs were virtually identical reproductions of the

21  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in

22  copies, distributed copies of the copyrighted works, and publicly displayed copies of the

23  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

24  17 U.S.C. § 106 that X17 holds in the photographs.

25      30.    Plaintiff is informed and believes and, upon such, alleges that, on or about

26  November 12, 2006, Lavandeira posted on this website a photograph of actor Tom Cruise

27  and actress Katie Holmes at a sporting event.  The photograph was a virtually identical

28  reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's

10096.1

7

**COMPLAINT**

1  copyrighted works in copies, distributed copies of the copyrighted works, and publicly

2  displayed copies of the copyrighted works, or derivative versions thereof, in violation of

3  the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

4       31.    Plaintiff is informed and believes and, upon such, alleges that, on or about

5  November 15, 2006, Lavandeira posted on this website a photograph of the former husband

6  of Britney Spears, Kevin Federline, pumping gas.  The photograph was a virtually identical

7  reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's

8  copyrighted works in copies, distributed copies of the copyrighted works, and publicly

9  displayed copies of the copyrighted works, or derivative versions thereof, in violation of

10  the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

11       32.    Plaintiff is informed and believes and, upon such, alleges that, on or about

12  November 15, 2006, Lavandeira posted on this website two photographs of singer Jessica

13  Simpson shopping.  The photographs were virtually identical reproductions of the

14  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in

15  copies, distributed copies of the copyrighted works, and publicly displayed copies of the

16  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

17  17 U.S.C. § 106 that X17 holds in the photographs.

18       33.    Plaintiff is informed and believes and, upon such, alleges that, on or about

19  November 24, 2006, Lavandeira posted on his website two photographs of singer Britney

20  Spears in a leopard-print dress partying with Paris Hilton.  The photographs were virtually

21  identical reproductions of the copyrighted work of X17.  Lavandeira thereby reproduced

22  X17's copyrighted works in copies, distributed copies of the copyrighted works, and

23  publicly displayed copies of the copyrighted works, or derivative versions thereof, in

24  violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

25       34.    Plaintiff is informed and believes and, upon such, alleges that, on or about

26  November 26, 2006, Lavandeira posted on his website two photographs of singer Britney

27  Spears in a green dress and Paris Hilton in a red dress.  The photographs were virtually

28  identical reproductions of the copyrighted work of X17.  Lavandeira thereby reproduced

1  X17's copyrighted works in copies, distributed copies of the copyrighted works, and

2  publicly displayed copies of the copyrighted works, or derivative versions thereof, in

3  violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

4       35.   Plaintiff is informed and believes and, upon such, alleges that, on or about

5  November 27, 2006, Lavandeira posted on this website a photograph of singer Britney

6  Spears leaving a bathroom. The photograph was a virtually identical reproduction of the

7  copyrighted work of X17. Lavandeira thereby reproduced X17's copyrighted works in

8  copies, distributed copies of the copyrighted works, and publicly displayed copies of the

9  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

10 17 U.S.C. § 106 that X17 holds in the photograph.

11      36.   Plaintiff is informed and believes and, upon such, alleges that, on or about

12 November 27, 2006, Lavandeira posted on this website two photographs of actress Nicole

13 Richie dressed in stripes. The photographs were a virtually identical reproduction of the

14 copyrighted work of X17. Lavandeira thereby reproduced X17's copyrighted works in

15 copies, distributed copies of the copyrighted works, and publicly displayed copies of the

16 copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

17 17 U.S.C. § 106 that X17 holds in the photographs.

18      37.   Plaintiff is informed and believes and, upon such, alleges that, on or about

19 November 27, 2006, Lavandeira posted on this website a photograph of singer Britney

20 Spears exposing herself (again). The photograph was a virtually identical reproduction of

21 the copyrighted work of X17. Lavandeira thereby reproduced X17's copyrighted works in

22 copies, distributed copies of the copyrighted works, and publicly displayed copies of the

23 copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

24 17 U.S.C. § 106 that X17 holds in the photograph.

25      38.   Plaintiff is informed and believes and, upon such, alleges that, on or about

26 November 27, 2006, Lavandeira posted on this website a photograph of singer Britney

27 Spears and actresses Paris Hilton and Lindsay Lohan in a car together. The photograph

28 was a virtually identical reproduction of the copyrighted work of X17. Lavandeira thereby

10096.1                                                9

1   reproduced X17's copyrighted works in copies, distributed copies of the copyrighted

2   works, and publicly displayed copies of the copyrighted works, or derivative versions

3   thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the

4   photograph.

5       39.   Plaintiff is informed and believes and, upon such, alleges that, on or about

6   November 27, 2006, Lavandeira posted on this website a photograph of actress Britney

7   Spears exposing her derriere.  The photograph was a virtually identical reproduction of the

8   copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in

9   copies, distributed copies of the copyrighted works, and publicly displayed copies of the

10   copyrighted works, or derivative versions thereof, in violation of the exclusive rights under

11   17 U.S.C. § 106 that X17 holds in the photograph.

12       40.   Plaintiff is informed and believes and, upon such, alleges that, on or about

13   November 27, 2006, Lavandeira posted on this website a photograph of singer Britney

14   Spears and actress Paris Hilton walking together.  The photograph was a virtually identical

15   reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's

16   copyrighted works in copies, distributed copies of the copyrighted works, and publicly

17   displayed copies of the copyrighted works, or derivative versions thereof, in violation of

18   the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

19       41.   On or about November 30, 2006, Plaintiff filed a complaint in federal court in

20   this case, CV 06-07608 GAF (JCX), alleging at least 51 separate and distinct willful acts of

21   copyright infringement against Lavandeira based on the activities recounted above.

22       42.   Despite repeated assurances from Lavandeira's counsel, Bryan Freedman, on

23   December 1, 2006 and on several occasions thereafter that Lavanderia would cease and

24   desist any and all uses of X17's photographs, Lavandeira's unauthorized reproduction,

25   distribution, and public display of X17's copyrighted photographs, or derivative versions,

26   thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the

27   photographs has willfully and brazenly continued unabated.

28

10096.1

43.     Plaintiff is informed and believes and, upon such, alleges that, on or about November 30, 2006, Lavandeira posted on this website two photographs of singer Britney Spears in a leopard-print top. The photographs were virtually identical reproduction of the copyrighted work of X17. Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

44.     Plaintiff is informed and believes and, upon such, alleges that, on or about December 5, 2006, Lavandeira posted on this website two photographs of singer Britney Spears wearing a Hawaiian lei. The photographs were virtually identical reproduction of the copyrighted work of X17. Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

45.     Plaintiff is informed and believes and, upon such, alleges that, on or about December 6, 2006, Lavandeira posted on this website two photographs of actress Jennifer Garner with her baby. The photographs were virtually identical reproduction of the copyrighted work of X17. Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

46.     Plaintiff is informed and believes and, upon such, alleges that, on or about December 10, 2006, Lavandeira posted on this website three photographs of Nicole Ritchie and her boyfriend Joel Madden leaving Chateau Marmont. The photographs were virtually identical reproduction of the copyrighted work of X17. Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

10096.1

47.   Plaintiff is informed and believes and, upon such, alleges that, on or about December 11, 2006, Lavandeira posted on this website four photographs of singer Britney Spears with black hair wearing a black dress.  The photographs were virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

48.   Plaintiff is informed and believes and, upon such, alleges that, on or about December 11, 2006, Lavandeira posted on this website four photographs of singer Britney Spears in a red dress hanging out her new man.  The photographs were virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

49.   Plaintiff is informed and believes and, upon such, alleges that, on or about December 12, 2006, Lavandeira posted on this website two photographs of actress Jennifer Garner shopping with her baby.  The photographs were virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

50.   Plaintiff is informed and believes and, upon such, alleges that, on or about December 12, 2006, Lavandeira posted on this website two photographs of actress Katie Holmes wearing a black and white outfit.  The photographs were virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

1    51.   Plaintiff is informed and believes and, upon such, alleges that, on or about
2  December 14, 2006, Lavandeira posted on this website three photographs of singer Britney
3  Spears out CD shopping.  The photographs were virtually identical reproduction of the
4  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in
5  copies, distributed copies of the copyrighted works, and publicly displayed copies of the
6  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under
7  17 U.S.C. § 106 that X17 holds in the photographs.

8    52.   Plaintiff is informed and believes and, upon such, alleges that, on or about
9  December 16, 2006, Lavandeira posted on this website two photographs of actress Lindsay
10  Lohan with a bottle of water.  The photographs were virtually identical reproduction of the
11  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in
12  copies, distributed copies of the copyrighted works, and publicly displayed copies of the
13  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under
14  17 U.S.C. § 106 that X17 holds in the photographs.

15    53.   Plaintiff is informed and believes and, upon such, alleges that, on or about
16  December 18, 2006, Lavandeira posted on this website a photograph of actress Lindsay
17  Lohan wearing a leotard.  The photograph was a virtually identical reproduction of the
18  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted work in
19  copies, distributed copies of the copyrighted work, and publicly displayed copies of the
20  copyrighted work, or derivative versions thereof, in violation of the exclusive rights under
21  17 U.S.C. § 106 that X17 holds in the photograph.

22    54.   Plaintiff is informed and believes and, upon such, alleges that, on or about
23  December 18, 2006, Lavandeira posted on this website two photographs of Nicole Ritchie
24  out grocery shopping.  The photographs were virtually identical reproduction of the
25  copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in
26  copies, distributed copies of the copyrighted works, and publicly displayed copies of the
27  copyrighted works, or derivative versions thereof, in violation of the exclusive rights under
28  17 U.S.C. § 106 that X17 holds in the photographs.

10096.1

**COMPLAINT**

55.     Plaintiff is informed and believes and, upon such, alleges that, on or about December 20, 2006, Lavandeira posted on this website a photograph of actress Kirsten Dunst shopping.  The photograph was a virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted work in copies, distributed copies of the copyrighted work, and publicly displayed copies of the copyrighted work, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

56.     Plaintiff is informed and believes and, upon such, alleges that, on or about December 21, 2006, Lavandeira posted on this website a photograph of actress Jennifer Garner outside a Burberry store.  The photographs was virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted work in copies, distributed copies of the copyrighted work, and publicly displayed copies of the copyrighted work, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

57.     Plaintiff is informed and believes and, upon such, alleges that, on or about December 25, 2006, Lavandeira posted on this website two photographs of singer Christina Aguilera and her husband at DiDio's and two photographs of singer Christina Aguilera and her husband outside of a restaurant.  The photographs were virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photographs.

58.     Plaintiff is informed and believes and, upon such, alleges that, on or about December 26, 2006, Lavandeira posted on this website a photograph of actress Lindsay Lohan dressed in black at Los Angeles International Airport.  The photograph was a virtually identical reproduction of the copyrighted work of X17.  Lavandeira thereby reproduced X17's copyrighted work in copies, distributed copies of the copyrighted work,

1  and publicly displayed copies of the copyrighted work, or derivative versions thereof, in

2  violation of the exclusive rights under 17 U.S.C. § 106 that X17 holds in the photograph.

3      59.    Defendant Lavandeira has received myriad warnings regarding X17's

4  intellectual property rights and his willful, wanton and brazen infringement of these rights,

5  yet he has chosen to knowingly ignore these warnings and continues to regularly and

6  egregiously infringe X17's rights in its copyrighted photographs on an on-going basis.

7      60.    All told, to date, Defendant Lavadeira has engaged in at least 87 acts of willful

8  copyright infringement (and, upon information and belief, subject to discovery, likely

9  hundreds, if not thousands, of more acts of willful infringement), each potentially subject to

10  maximum statutory damages penalty of up to $150,000 per act of infringement, resulting in

11  a claim of at least $13,050,000.00 in statutory damages against him.

12      61.    For an unknown period of time, and, in many cases to this very day,

13  Defendant Lavandeira has offered and continues to offer copies of X17's Copyrighted

14  Photographs, thereby reproducing X17's copyrighted works in copies, distributing copies

15  of the copyrighted works, and publicly displaying copies of the copyrighted works, or

16  derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that

17  X17 holds in the Copyrighted Photographs

18      62.    It is unknown how long these alleged violations have been occurring.

19  However, violations of X17's exclusive rights under 17 U.S.C. § 106 by defendants appear

20  to be on-going, widespread, and in willful, wanton and brazen disregard of X17's legal

21  rights.

22      **FIRST CLAIM FOR RELIEF**

23      (**Copyright Infringement, 17 U.S.C. § 501 against all defendants**)

24      63.    Plaintiff X17 incorporates here by reference the allegations in paragraphs 1

25  through 62 above.

26      64.    Plaintiff X17 is the owner of all rights, title and interest in the copyrights to

27  each and every one of the photographic works identified in Exhibit A (the "Copyrighted

28  Photographs") attached hereto.

10096.1

15

**COMPLAINT**

65. Each and every one of the Copyrighted Photographs identified in Exhibit A substantially consist of material wholly original with Plaintiff and are copyright subject matter under the laws of the United States.

66. For each and every one of the Copyrighted Photographs, Plaintiff X17 has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. Moreover, each and every one of the Copyrighted Photographs has been registered with the United States Copyright Office.

67. Defendants have directly, vicariously, and/or contributorily infringed and/or induced infringement, and unless enjoined, will continue to infringe X17's copyrights by reproducing, displaying, distributing and utilizing for purposes of trade unauthorized derivative versions of the Copyrighted Photographs and the copyrighted elements therein in violation of 17 U.S.C. § 501 *et seq.*

68. Defendants have willfully and intentionally infringed, in disregard of and with indifference to the rights of X17, and unless enjoined, will continue to infringe X17's copyrights by knowingly reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized derivative versions of the Copyrighted Photographs and the copyrighted elements therein.

69. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization for purposes of trade and promotion of derivative versions of the Copyrighted Photographs and the copyrighted elements therein.

70. All of the Defendants' acts are and were performed without the permission, license or consent of X17.

71. The said wrongful acts of Defendants have caused, and are causing, great injury to X17, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, X17 will suffer irreparable injury, for all of which it is without an adequate remedy at law. According, X17 seeks a

1  declaration that Defendants are infringing X17's copyrights and an order under 17 U.S.C. §

2  502 enjoining Defendants from any further infringement of X17's copyrights.

3      72.    As a result of the acts of Defendants alleged herein, X17 has suffered and is

4  suffering substantial damage to its business in the form of diversion of trade, loss of profits,

5  injury to goodwill and reputation, and the dilution of the value of its rights, all of which are

6  not yet fully ascertainable.

7

8  **SECOND CLAIM FOR RELIEF**

9  (**"Hot News" Misappropriation against all defendants**)

10      73.    Plaintiff X17 incorporates here by reference the allegations in paragraphs 1

11  through 62 above.

12      74.    Defendants have not sought or obtained a license to use X17's Copyrighted

13  Photographs, and have therefore misappropriated X17's Copyrighted Photographs to their

14  own purposes without the consent of X17 and in disregard of the other media outlets who

15  have or would have licensed X17's Copyrighted Photographs.

16      75.    X17's Copyrighted Photographs constituted "hot news" at the time of their

17  creation and distribution to the public through media outlets.

18      76.    X17 has expended, and continues to expend, substantial costs and resources to

19  gather, obtain and create the Copyrighted Photographs.

20      77.    The Copyrighted Photographs are highly time sensitive. X17's own celebrity

21  news website, which contains some of the Copyrighted Photographs, updated continuously

22  throughout the day, depending on the celebrity news of that day. Many such updates are

23  displayed to report breaking news stories with the Copyright Photographs as they occur

24  throughout the day.

25      78.    X17's website, x17online.com, and Lavandeira's website, perezhilton.com, are

26  direct competitors in the provision of celebrity-related news and photography and both sites

27  generate their revenue by selling advertising based on the number of viewers attracted to

28

17
**COMPLAINT**

the website, which in turn is a function of the content, especially the celebrity-related photography, on the website.

79.    Defendants have wrongfully misappropriated the content, advertising and licensing opportunities of X17.  By engaging in unauthorized use of X17's Copyrighted Photographs, Defendants often reproduce, disseminate and publicly display X17's copyrighted photographs on www.perezhilton.com before X17 can even place it on its own website, or license the first publication rights to another website or print publication.  As a result, Defendants are free riding (and earning substantial advertising revenue based thereon) on the substantial hard work, investment and labor of X17 in gathering, collecting and creating the Copyrighted Photographs without any compensation to X17 and, in fact, in even scooping X17 before X17 can recover its investment by publishing the Copyrighted Photographs on its own website or by licensing first publication rights to another website or print publication.

80.    If Defendants' activities are allowed to continue, any incentive on the part of X17 to gather, obtain and create celebrity-related news photographs would be undermined and the continued existence of X17's business would be threatened.

81.    The acts and conduct of Defendants complained of herein therefore constitute unfair competition/"hot news" misappropriation at common law and/or pursuant to *International News Service v. Associated Press*, 248 U.S. 215 (1918).

82.    As a result of the acts of Defendants alleged herein, X17 has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests judgment against Defendants as follows:

1.    For the entry of an injunction providing that the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert

1  or participation with them, be permanently enjoined from designing, copying, reproducing,

2  displaying, promoting, advertising, distributing, misappropriating or selling, or any other

3  form of dealing or transaction in, any and all advertising and promotional materials, print

4  media, signs, Internet web sites, or any other media, either now known or hereafter devised,

5  bearing any design or mark which infringe, contributorily infringe, or vicariously infringe

6  upon Plaintiff X17's rights in the Copyrighted Photographs or any other copyrighted work

7  of X17, whether now in existence or later created.

8      2.    For the entry of a seizure order directing the U.S. Marshall to seize and

9  impound all items possessed, owned or under the control of Defendants, their officers,

10  agents, servants, employees, representatives and attorneys, and all persons in active concert

11  or participation with them, which infringe upon Plaintiff X17's copyrights, including but

12  not limited to any and all broadcasting materials, advertising materials, print media, signs,

13  Internet web sites, domain names, computer hard drives, servers or any other media, either

14  now known or hereafter devised, bearing any design or mark which infringe, contributorily

15  infringe, or vicariously infringe upon Plaintiff X17's copyrights in the Copyrighted

16  Photographs as well as all business records related thereto, including, but not limited to,

17  lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

18      3.    For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504

19  (a)(1) & (b) and for misappropriation.

20      4.    For an accounting of all profits, income, receipts or other benefit derived by

21  Defendants from the misappropriation, reproduction, copying, display, promotion,

22  distribution or sale of products and services, or other media, either now known or hereafter

23  devised, that improperly or unlawfully infringe upon Plaintiffs' copyrights pursuant to 17

24  U.S.C. §§ 504 (a)(1) & (b).

25      5.    For a disgorgement by Defendants to Plaintiff of all profits derived by

26  Defendants from their acts of copyright infringement and misappropriation and to

27  reimburse Plaintiff X17 for all damages suffered by Plaintiffs by reasons of Defendants'

28  acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

10096.1

6.      For statutory damages for each and every act of copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c).

7.      For costs and interest pursuant to 17 U.S.C. § 505.

8.      For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

9.      For punitive damages in an amount sufficient to deter other and future similar conduct by Defendants and others.

For any such other and further relief as the Court may deem just and appropriate.

Dated:  January ___, 2007          **TURNER GREEN AFRASIABI & ARLEDGE LLP**

By: _____

John Tehranian
Attorneys for Plaintiff, X17, Inc.

10096.1

**COMPLAINT**

EXHIBIT A

## Exhibit A

| Photograph | Date Infringed |
|---|---|
| Pregnant Katie Holmes | 3/23/06 |
| Pregnant Katie Homes with Tom Cruise | 3/23/06 |
| Britney Spears in Cap | 4/26/06 |
| Jessica Simpson Shopping #1 | 4/26/06 |
| Jessica Simpson Shopping #2 | 4/26/06 |
| Jessica Simpson Shopping #3 | 4/26/06 |
| Jessica Simpson Shopping #4 | 4/26/06 |
| Heather Locklear Leaving Lunch | 5/1/06 |
| Kevin Federline with Cornrows #1 | 5/3/06 |
| Kevin Federline with Cornrows #2 | 5/3/06 |
| Britney Spears Driving with Son Sean | 5/16/06 |
| Britney Spears, Child and Manny on a Stroll #1 | 5/31/06 |
| Britney Spears, Child and Manny on a Stroll #2 | 5/31/06 |
| Tom Cruise and Katie Homes Heading to a Party | 6/1/06 |
| The New Slim Britney Spears #1 | 10/16/06 |
| The New Slim Britney Spears #2 | 10/16/06 |
| The New Slim Britney Spears #3 | 10/16/06 |
| The New Slim Britney Spears #4 | 10/16/06 |
| The New Slim Britney Spears #5 | 10/16/06 |
| The New Slim Britney Spears #6 | 10/16/06 |
| The New Slim Britney Spears #7 | 10/16/06 |
| Katie Holmes in Black #1 | 10/19/06 |
| Katie Holmes in Black #2 | 10/19/06 |
| Kevin Federline with Cornrows  #1 | 10/20/06 |
| Mischa Barton in Green Dress #1 | 10/24/06 |
| Mischa Barton in Green Dress #2 | 10/24/06 |
| Mischa Barton in Green Dress #3 | 10/24/06 |
| Mischa Barton in Green Dress #4 | 10/24/06 |
| Nicole Kidman Carrying Nephew | 10/26/06 |
| Christina Aguilera and Husband Dressed up for Halloween #1 | 11/1/06 |
| Christina Aguilera and Husband Dressed up for Halloween #2 | 11/1/06 |
| Christina Aguilera and Husband Dressed up for Halloween #3 | 11/1/06 |
| Ryan Phillippe Rummages Through Wallet Outside a Club | 11/8/06 |
| Cameron Diaz in Beige Sweater out Golfing | 11/10/06 |
| Jennifer Aniston Shopping #1 | 11/12/06 |
| Jennifer Aniston Shopping #2 | 11/12/06 |
| Tom Cruise and Katie Holmes at Sporting Event | 11/12/06 |
| Kevin Federline Pumping Gas | 11/15/06 |

| | |
|---|---|
| Jessica Simpson Shopping in November #1 | 11/15/06 |
| Jessica Simpson Shopping in November #2 | 11/15/06 |
| Britney Spears in Leopard-Print Dress with Paris Hilton | 11/24/06 |
| Britney Spears in Leopard-Print Dress with Paris Hilton | 11/24/06 |
| Britney Spears in Green Dress with Paris Hilton in Red Dress #1 | 11/26/06 |
| Britney Spears in Green Dress with Paris Hilton in Red Dress #2 | 11/26/06 |
| Britney Spears Leaving the Bathroom | 11/27/06 |
| Nicole Richie in Stripes #1 | 11/27/06 |
| Nicole Richie in Stripes #2 | 11/27/06 |
| Britney Exposes Herself (Again) | 11/27/06 |
| Britney Spears, Paris Hilton and Lindsay Lohan in a Car | 11/27/06 |
| Britney Spears Exposes Her Derriere | 11/27/06 |
| Britney Spears and Paris Hilton Walking Together | 11/27/06 |
| | |
| Britney Spears in a Leopard Print Top #1 | 11/30/06 |
| Britney Spears in a Leopard Print Top #2 | 11/30/06 |
| Britney Spears Wearing a Hawaiian Lei #1 | 12/05/06 |
| Britney Spears Wearing a Hawaiian Lei #2 | 12/05/06 |
| Jennifer Garner with Her Baby #1 | 12/06/06 |
| Jennifer Garner with Her Baby #2 | 12/06/06 |
| Nicole Richie and Her Boyfriend Joel Madden Leaving Chateau Marmont #1 | 12/10/06 |
| Nicole Richie and Her Boyfriend Joel Madden Leaving Chateau Marmont #2 | 12/10/06 |
| Nicole Richie and Her Boyfriend Joel Madden Leaving Chateau Marmont #3 | 12/10/06 |
| Britney Spears with Black Hair Wearing a Black Dress #1 | 12/11/06 |
| Britney Spears with Black Hair Wearing a Black Dress #2 | 12/11/06 |
| Britney Spears with Black Hair Wearing a Black Dress #3 | 12/11/06 |
| Britney Spears with Black Hair Wearing a Black Dress #4 | 12/11/06 |
| Britney Spears in a Red Dress Hanging out with Her New Man #1 | 12/11/06 |
| Britney Spears in a Red Dress Hanging out with Her New Man #2 | 12/11/06 |
| Britney Spears in a Red Dress Hanging out with Her New Man #3 | 12/11/06 |
| Britney Spears in a Red Dress Hanging out with Her New Man #4 | 12/11/06 |
| Jennifer Garner Shopping with Her Baby #1 | 12/12/06 |
| Jennifer Garner Shopping with Her Baby #2 | 12/12/06 |
| Katie Holmes Wearing a Black and White Outfit #1 | 12/12/06 |
| Katie Holmes Wearing a Black and White Outfit #2 | 12/12/06 |
| Britney Spears out CD Shopping #1 | 12/14/06 |
| Britney Spears out CD Shopping #2 | 12/14/06 |
| Britney Spears out CD Shopping #3 | 12/14/06 |

| | |
|---|---|
| Lindsay Lohan with a Bottle of Water #1 | 12/16/06 |
| Lindsay Lohan with a Bottle of Water #2 | 12/16/06 |
| Lindsay Lohan Wearing a Leotard | 12/18/06 |
| Nicole Richie out Grocery Shopping #1 | 12/18/06 |
| Nicole Richie out Grocery Shopping #2 | 12/18/06 |
| Kirsten Dunst Shopping | 12/20/06 |
| Jennifer Garner Outside a Burberry Store | 12/21/06 |
| Christina Aguilera and Her Husband at DiDio's #1 | 12/25/06 |
| Christina Aguilera and Her Husband at DiDio's #2 | 12/25/06 |
| Christina Aguilera and Her Husband outside of a Restaurant #1 | 12/25/06 |
| Christina Aguilera and Her Husband outside of a Restaurant #2 | 12/25/06 |
| Lindsay Lohan Dressed in Black at LAX | 12/26/06 |

10098.1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 535 Anton Boulevard, Suite 850, Costa Mesa, California 92626.

      On January 5, 2007 I served the document (s) described as **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND "HOT NEWS" MISAPPROPRIATION** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Bryan Freedman, Esq. | Gregory Doll, Esq. |
| Freedman & Taitelman, LLP | Doll & Amir LLP |
| 1901 Avenue of the Stars, | 1888 Century Park East |
| Suite 500 | Suite 1106 |
| Los Angeles, CA 90067 | Los Angeles, California 90067 |
| *Attorney for Defendants* | *Attorney for Defendants* |

[X]      (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]      (BY FAX) I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003 (3), to the above-listed fax number (s). The transmission originated from facsimile phone number (714) 434-8756 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

[ ]      (BY OVERNIGHT DELIVERY) I caused said envelope (s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee (s).

[ ]      (PERSONAL) I caused _____ to personally serve the addressee(s).

      Executed on January 5, 2007 at Costa Mesa, California.

[X]      (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                     Megan Kerl

10149.1