P\_ **SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 06-7608-VBF(JCx)** | Dated: **March 6, 2007** |

Title:   X17, Inc. -v- Mario Lavandeira, dba Perez Hilton

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                    None Present

PROCEEDINGS (IN CHAMBERS):   MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [fld 2/1/07]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for March 12, 2007 at 1:30 p.m. is hereby vacated and the matter is taken off calendar.

The Court has received, read and considered Plaintiff X17, Inc.'s Motion For Preliminary Injunction (filed 2/1/07); Defendant Mario Lavandeira's Opposition to the Motion (filed 2/12/07); and Plaintiff's Reply Memorandum (filed 2/16/07); the Declarations of Brandy Navarre (filed 2/1/07), John Tehranian (filed 2/1/07), Mario Lavandeira (filed 2/12/07), and Michael Amir (filed 2/12/07); Defendant's Objections to the Navarre and Tehranian Declarations (filed 2/12/07); Plaintiff's Reply to Evidentiary Objections (filed 2/16/07); an additional Declaration by Tehranian (filed 2/16/07) in support of the Reply Memorandum; an additional declaration by Navarre, including over 100 documentary exhibits, in support of the Reply Memorandum (filed 2/20/07); and Defendant's Objections and Motion to Strike the second Navarre Declaration (filed 2/23/07).

Plaintiff moves for a preliminary injunction barring Defendant from "copying, reproducing, displaying, distributing, or disseminating on his website... any copyrighted work of X17, including photographs, or any derivative version thereof, whether now in existence or later created." Because Plaintiff has failed to carry its evidentiary burden, its motion is **DENIED**.

MINUTES FORM 90
CIVIL - GEN


DOCKETED ON CM
MAR - 8 2007
BY _____ 021

Initials of Deputy Clerk

## I. DISCUSSION

"A preliminary injunction is appropriate where plaintiffs demonstrate either (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [their] favor." *Southwest Voter Registration Education Project v. Shelley*, 344 F3d 914, 917-18 (9th Cir. 2003). The analysis involves a continuum: where likelihood of success on the merits is uncertain, the plaintiff has a greater burden to demonstrate that the other relevant considerations weigh in favor of the injunction. *Id.*

Because of evidentiary defects in Plaintiff's papers, Plaintiff has not met its burden of persuasion. Plaintiff has not presented competent evidence sufficient to establish a likelihood (or to raise serious questions regarding) success on the merits, or to establish that the danger of irreparable injury or imbalance in hardships are sufficient to warrant injunctive relief, with respect to either the copyright infringement claim or the claim for "hot news" misappropriation.

### 1. The Copyright Claim.

Because of the evidentiary defects in its papers, Plaintiff has failed to establish the elements of a copyright infringement claim.

Plaintiff filed the Navarre Declarations supporting the Reply on 2/20/07, four days after the filing of the Reply Memorandum. As Defendant asserts in his Motion to Strike, Plaintiff's holding the bulk of its documentary evidence until after the filing of the Opposition (and Reply) may constitute improper sandbagging of evidence. However, the Court need not consider this question, because even if all Plaintiff's evidence had been timely and properly filed, evidentiary defects would still render it insufficient to justify a preliminary injunction.

The documentary exhibits that are crucial to establishing Plaintiff's case for an injunction lack proper authentication. The requirement that all evidence be authenticated is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Federal Rule of Evidence 901(a).

Defendant makes a number of authentication objections in its Objections to the Navarre and Tehranian Declarations filed on 2/12/07. Objections numbered 6, 16, 29, 31, 40, 41, 44, 45, 48, 49, 52, 53, 57, 58, 60, 61, 80, 84, and 88 are sustained and the evidence to which they refer is held inadmissible for lack of proper authentication. In the Objections and Motion to Strike filed on 2/23/07, Defendant objects to all of the documentary exhibits submitted with Navarre's Declarations in Support of Plaintiff's Reply, filed on 2/16/07, arguing that all the documents suffer from insufficient authentication.

With respect to all the photographs, screenshots, and copyright applications contained in the above-referenced exhibits, Defendant's objections are sustained and the evidence is held

inadmissible for lack of proper authentication. None of the documents is identified individually. It is not known who prepared the registration applications, or who (if anyone) filed them. It is not known who retrieved the photos from either X17's archives or Lavandeira's website, when or how they did so, or on what basis they can be sure that the printouts accurately reflect the contents of the archive or website. Instead of providing this crucial information, X17 merely describes its copies as "true and correct" and legal papers as "valid," "timely submitted" and so forth. Such vague language alone does not amount to competent evidence of the documents' authenticity.

The only documents from the 2/16/07 Navarre Declaration to survive the authentication test are the copies of assignment contracts. As will be seen below, Ms. Navarre's declaration that X17 had received written copyright assignments from its photographers is admissible because her name appears on the contract copies submitted into evidence. In turn that declaration is sufficient to authenticate the documents themselves. However, these documents will be accorded very little evidentiary weight. X17 makes not the slightest mention of who created the documents, or how (and for what consideration) the assignments were obtained, or even whether their signatories held legitimate claims to the copyrights in question.

Defendant objects to a number of statements in the 2/1/07 Navarre Declaration for failure to establish the declarant's personal knowledge of the subject of testimony. FED. R. EVID. 602. Objections numbered 1, 2, 3, 4, 5, 7, 11, 15, 22, 32, 17, 18, 19, 21, 25, 26, 30, 32, 35, 63, 69, 82, 36, 37, 68, 70, 71, 81, 83, 89, 90, 91, 92, 93, 94, 96, 98, and 99 are sustained. The corresponding portions of Navarre's Declaration are held inadmissible for failure to establish Ms. Navarre's personal knowledge of the matters contained therein.

Federal Rule of Evidence 602 states that a witness may not testify to a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony..." In her declarations, Ms. Navarre testifies to X17's ownership of the copyrights in question as works-for-hire, to the filing of the registration applications, and to the written assignment of remaining rights to X17 from its photographers. To lay a foundation for Ms. Navarre's personal knowledge in these matters, X17 furnishes only Ms. Navarre's job title and her conclusory assertions of personal knowledge of everything contained in the declarations. Again, boilerplate is insufficient.[1] X17 has failed to introduce evidence of Ms. Navarre's personal knowledge of these matters, with the following exception: With respect to the assignment contracts, Ms. Navarre's personal knowledge may be inferred from the fact that her name appears on the copies of the contracts. However, as stated above, the statements and assignments will carry little evidentiary weight.

---

[1] The inadequacy of Navarre's blanket assertion of personal knowledge is highlighted where the "facts" include statements about the profitability of Defendant's website. Worse, Navarre then attempts to support these statements with inadmissible hearsay evidence from a third-party advertising agency. See 2/1/07 Navarre Declaration ¶ 12.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk __rs__

Defendant makes a number of objections on the basis of hearsay. Plaintiff responds that "strict evidentiary rules regarding hearsay do not apply in preliminary injunction proceedings," citing *Republic of the Philippines v. Marcos*, 862, F2d 1355, 1363 (9th Cir. 1988). Plaintiff mischaracterizes the Ninth Circuit's decision in that case, which held only that the decision whether to consider hearsay evidence for the purposes of deciding whether to issue a preliminary injunction was within the discretion of the District Court. *Id.* Since Plaintiff has made no showing that the consideration of hearsay evidence is warranted (for example, the difficulty of obtaining affidavits from persons who would be competent to testify at trial), this Court will continue to observe the prohibition against hearsay evidence.

Federal Rule of Evidence 801 defines hearsay as "an out-of-court statement offered as proof of the matter asserted." Defendant is correct that Ms. Navarro's statements regarding her clients' opinions (notably her client's stated reasons for declining to license a photograph (First Declaration, ¶ 26) and reports of infringement (Objections 23 and 24)) constitute inadmissible hearsay, as does her testimony (Objection 28) and exhibits (D and E) regarding Defendant's advertising revenue. Those exhibits and testimony are drawn from information from blogads.com, a third-party advertising agency (Objections 28 and 29). Plaintiff's report that third-party blogs credited Defendant as the source of purportedly infringing photographs is also inadmissible hearsay evidence (Objection 97).

On the other hand, Defendant's emails to Plaintiff and television interviews (Objections 31, 64, 65, 66, 72, 73 and 75) constitute non-hearsay party admissions. FED. R. EVID. 801(d)(2). The exhibits themselves are thus admissible, although Plaintiff's characterization of their contents is not. Defendant's hearsay objection to Plaintiff's email of October 16th is likewise overruled (Objection 16). While prior consistent statements by an available witness are generally considered to be inadmissible, here Plaintiff's out-of-court statement is being used to prove that Plaintiff notified Defendant that posting of X17's photographs on Defendant's site was no longer authorized. Thus the email is non-hearsay and is admissible. Likewise admissible because their intent is to prove matters other than their contents are Ms. Navarro's report of being in discussions with *Us Weekly* and *Entertainment Tonight* for the possible licensing of a photograph (Objection 85). However, her statements of their reasons for pulling out of those discussions are not admissible, because she lacks personal knowledge of their motivations.

The court also overrules Defendant's evidentiary objections that characterize Plaintiff's photographic exhibits as inadmissible hearsay. Defendant cites *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357 (5th Cir. 2004), for the proposition that unauthenticated photographs are inadmissible on hearsay grounds. Defendant's interpretation of the case is erroneous. The Fifth Circuit provided alternative reasons for excluding the evidence in question: first, it was improperly authenticated, and second, because it constituted inadmissible hearsay and did not fall under the business records exception to the hearsay rule. *Positive Black Talk* at 376. Plaintiff's photographs do not constitute hearsay. They are not being offered to prove the assertions they contain (e.g., that Ryan Phillippe once rummaged through is wallet) but rather to support Plaintiff's claim that Defendant has infringed its copyrights.

As a result of the profound defects in the evidence supporting Plaintiff's motion, this Court holds that Plaintiff has neither demonstrated a likelihood of success on the merits nor raised serious questions about such an outcome. In order to prevail on the motion, therefore, plaintiff must provide such clear evidence of irreparable harm, or that the balance of hardships tips so far in its favor, as to counterbalance plaintiff's evidentiary failures on the merits.

In copyright infringement cases, irreparable injury may be presumed where the plaintiff has shown a likelihood of success on the merits. See *Triad Systems Corp. V. Southeastern Express Co.* (9th Cir. 1995). But because Plaintiff has failed to demonstrate such a likelihood using competent evidence, Plaintiff may not avail itself of this presumption. See also 14 *Nimmer on Copyright* §14.06 ("[T]he plaintiff's burden for obtaining a preliminary injunction in copyright cases collapses to showing likelihood of success on the merits, without a detailed showing of irreparable harm... Conversely, a mere showing of irreparable injury, without showing any likelihood of success on the merits, is obviously inadequate.")

Plaintiff asserts that "Lavandeira's activities threaten the continued survival of X17's business." To support this claim, X17 cites two incidents in which it allegedly lost business due to Lavandeira's infringement. Aside from the questionable admissibility of these declarations, these two incidents (representing a combined loss of $45,000, which, without the context of annual revenue information from X17, is a figure of limited utility) are insufficient to persuade the court that Lavandeira's actions represent an ongoing threat to X17's business survival. And while the balance of hardships tips in Plaintiff's favor (since Lavandeira already has a responsibility to avoid infringing others' copyrights) this factor alone is insufficient to support an injunction. See *Id.*

### 2. The "Hot News" Misappropriation Claim

Plaintiff also fails to provide competent evidence sufficient to support its claim for injunctive relief on the tort of "hot news" misappropriation. In particular, Plaintiff has failed to offer competent evidence that defendant's use of the photographs in question threaten the existence of the service Plaintiff provides; i.e., the gathering and distribution of celebrity photographs. See *National Basketball Association v. Motorola, Inc.*, 105 F.3d 841, 845 (2nd Cir. 1997) and *International News Association v. Associated Press*, 248 U.S. 215, 241 (1918).

Plaintiff's motion asserts that, if left unabated, Lavandeira's actions would threaten the business of all celebrity news photography agencies, and "undermine" the incentives to create celebrity-related news photographs. To support this assertion X17 cites Paragraphs 31 through 35 of the 2/1/07 Navarre Declaration. The cited paragraphs offer no evidence at all, but only the modest arguments that Lavandeira enjoys an "unfair advantage" over X17 and that his actions

"diminish[...] the value" of X17's photographs. To justify the issuance of this extraordinary relief, some evidence is required. Arguments, no matter how reasonable, are not enough.

## II. CONCLUSION

Without ruling on the merits of the parties' legal arguments, Defendant's evidence, or any matters (including evidentiary objections) not specifically referenced herein, this Court finds that the Plaintiff has failed to offer competent evidence sufficient to support the issuance of a preliminary injunction. Accordingly, the Plaintiff's Motion is DENIED.