**FREEDMAN & TAITELMAN LLP**
BRYAN J. FREEDMAN (SBN 151990)
e-mail: bfreedman@ftllp.com
MATTHEW. VOSS (198728)
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
e-mail: gdoll@dollamir.com
MICHAEL M. AMIR (SBN 204291)
e-mail: mamir@dollamir.com
1888 Century Park East, Suite 1106
Los Angeles, California 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101

Attorneys for Defendant
MARIO LAVANDEIRA dba Perez Hilton

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| X17, INC., a California corporation, | CASE NO. CV 06-07608 (VBF) (JCx) |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MARIO LAVANDEIRA, dba Perez Hilton, and DOES 1 through 10, inclusive, | Date:   January 28, 2008 |
| Defendants. | Time:   1:30 p.m. |
| | Room:  9 |

On December 26, 2007, Plaintiff X17, Inc. filed an objection to Defendant Mario Lavandeira's motion for summary judgment or, in the alternative, summary adjudication, on the grounds that it "was not timely and properly filed." X17's objection is based on the fact that Lavandeira filed the moving papers by hand rather than electronically. X17's objection lacks merit.

On June 18, 2007, this Court issued its Scheduling and Case Management Order, a true and correct copy of which is attached hereto as Exhibit 1. On page 21 of the Order, the Court set the following deadline to file motions: December 17, 2007. Lavandeira filed and served his motion for summary judgment papers on December 17, 2007 – the date set by this Court. While he did not file the papers electronically, he did file them by <u>hand</u>.[1] Thus, there can be no question that the Court received the papers on the due date. Furthermore, there can be no prejudice whatsoever.

X17's reference to Magistrate Judge Chooljian's order denying X17's motion to compel discovery responses as untimely is entirely irrelevant because that order was based on the fact that X17 filed its motion to compel discovery responses <u>well after</u> the discovery cutoff.

Dated:  December 27, 2007

**FREEDMAN & TAITELMAN LLP**
**DOLL AMIR & ELEY LLP**

By: _____
Michael M. Amir
Attorneys for Defendant
MARIO LAVANDEIRA dba
Perez Hilton

---

[1] Lavandeira's counsel did not file electronically because he did not know of the requirement to do so. Lavandeira's counsel has since signed up for the electronic filing program and will file all subsequent documents electronically.

1

DEFENDANT'S RESPONSE TO OBJECTION TO MOTION FOR SUMMARY JUDGMENT

# EXHIBIT 1

FILED
CLERK, U.S. DISTRICT COURT

JUN 18 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| X17, Inc., | ) Case No. CV 06-7608-VBF (JCx) |
| Plaintiff, | ) **SCHEDULING AND CASE MANAGEMENT** |
| v. | ) **ORDER FOR CASES ASSIGNED TO** |
| Mario Lavandeira, dba Perez Hilton, | ) **JUDGE VALERIE BAKER FAIRBANK** |
| Defendants. | ) |

This case has been assigned to the calendar of Judge Valerie Baker Fairbank.

This Order is to advise the parties and counsel of the schedule that will govern this action. **SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.** Ordinarily, the dates set forth on the last page are determined after consultation with the parties at the Fed. R. Civ. P. 16(b) Scheduling Conference. This Order is distributed to them at that time. The dates and requirements are firm. The Court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing.

DOCKETED ON CM

JUN 22 2007

BY                    004

37

**IT IS HEREBY ORDERED:**

1.    To secure the just, speedy and inexpensive determination of every action, all counsel are ordered to familiarize themselves with and follow the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.   This Court follows these rules and they will govern this litigation.

2.    Because this Order in some respects modifies or adds to the Local Rules, counsel are advised to read it carefully. Counsel are advised to pay particular attention to the requirements of the Court with respect to the filing of motions for summary judgment and documents to be submitted at the Final Pretrial Conference and Trial.

3.    The attorney attending any proceeding before this court must be an attorney who is thoroughly knowledgeable about the case, responsible for the conduct of the litigation, and who has authority to enter into stipulations and to make admissions regarding all matters that the participants reasonably anticipate may be discussed.   Lead counsel who will actually try the case must attend the Final Pretrial Conference.   A party who is not represented must attend all proceedings in person.

4.    COURTESY COPIES REQUIRED:  A courtesy copy of all papers filed with the court shall be promptly delivered to the chambers of Judge Valerie Baker Fairbank in the drop box/tray outside the Judge's chambers  on the day of filing, BY 4:00 p.m. The Judge's Chambers is located at the end of the hallway, to the right of the courtroom.

2

1    5.   **Discovery Cut-Off**: All discovery shall be completed

2  by the discovery cut-off date specified on the last page of

3  this Order.  **THIS IS NOT THE DATE BY WHICH  DISCOVERY**

4  **REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL**

5  **DISCOVERY IS TO BE COMPLETED.**

6    Any motion challenging the adequacy of responses to

7  discovery must be heard sufficiently in advance of the

8  discovery cut-off date to permit the responses to be obtained

9  before that date if the motion is granted.

10  In an effort to provide further guidance to the parties, the

11  Court notes the following:

12    a.   **Depositions**:  All depositions shall be

13  scheduled to commence sufficiently in advance of the

14  discovery cut-off date to permit their completion and to

15  permit the deposing party enough time to bring any discovery

16  motions concerning the deposition prior to the cut-off date.

17    b.   **Written Discovery**:  All interrogatories,

18  requests for production of documents, and requests for

19  admissions shall be served sufficiently in advance of the

20  discovery cut-off date to permit the discovering party enough

21  time to challenge (via motion practice) responses deemed to

22  be deficient.

23    c.   **Discovery Motions**:  Whenever possible, the

24  Court expects the parties to resolve discovery issues among

25  themselves in a courteous, reasonable and professional

26  manner.  The Magistrate Judge assigned to this case will rule

27  on discovery motions.  (The Magistrate Judge's initials

28  follow the district judge's initials next to the case number

3

1  on the first page of this Order.)  Counsel are directed to

2  contact the Magistrate Judge courtroom deputy clerk to

3  schedule discovery matters for hearing.  Counsel should not

4  deliver courtesy copies of these discovery documents to this

5  court.

6      d.  **Expert Discovery**:  If expert witnesses are to

7  be called at trial, the parties shall designate affirmative

8  experts to be called at trial and provide reports required by

9  Fed. R. Civ. P. 26(a)(2)(B) not later than eight weeks prior

10  to the discovery cut-off date.  Rebuttal expert witnesses

11  shall be designated and reports provided as required by Fed.

12  R. Civ. P. 26(a)(2)(B) not later than five weeks prior to the

13  discovery cut-off date.  Failure to timely comply with

14  deadlines may result in the expert being excluded at trial as

15  a witness.

16      6.  **Motions and Motion Cut-Off Date**

17      a.  **General Provisions**:  All law and motion

18  matters, except for motions in limine, must be set for

19  hearing (not filing) by the motion cut-off date specified on

20  the last page of this Order.

21      This Court hears motions on Mondays, beginning at 1:30

22  p.m.

23      The parties must adhere to the requirements of the Local

24  Rules.  See Local Rules 7-1 et seq.  If any party does not

25  oppose a motion, that party shall submit a written statement

26  that it does not oppose the motion in accordance with Local

27  Rule 7-9.

28

1    The title page of all motions must state the Final
2  Pre-Trial Conference date and the Trial date.  To insure that
3  the Court receives oppositions and replies in a timely
4  fashion, courtesy copies, conformed to reflect that they have
5  been filed, should be deposited in the drop box/tray located
6  in the entrance way to the Chambers of Judge Fairbank. The
7  Judge's chambers is located at the end of the hallway, to the
8  right of the courtroom.

9    Counsel must comply with Local Rule 7-3, which requires
10  counsel to engage in a pre-filing conference "to discuss
11  thoroughly . . . the substance of the contemplated motion and
12  any potential resolution."

13    Issues left undetermined after the passage of the motion
14  cut-off date should be listed as issues for trial in the
15  Final Pre-Trial Conference Order.  As an exception to the
16  above, motions in limine dealing with evidentiary matters may
17  be heard pursuant to the schedule specified on the last page
18  of this Order.

19    *Ex parte* practice is discouraged.  *See Mission Power*
20  *Eng'g v Co. . Continental Cas. Co.*, 883 F. Supp. 488 (C.D.
21  Cal. 1995).  The Court will require strict adherence to
22  proper *ex parte procedures* for any *ex parte* application filed
23  with the Court.  *Id.* at 492; *see also* Local Rule 7-19.

24    b.   **Applications and Stipulations to Extend Time**:
25  Applications to extend the time to file any required document
26  or to continue any hearing, Final Pre-Trial Conference or
27  Trial date must set forth the following:

28

5

1             (i)   the existing due date or hearing date, as

2 well as the discovery cut-off date, the Final Pre-Trial

3 Conference date, and the Trial date;

4             (ii)   specific, concrete reasons supporting

5 good cause for granting the extension; and

6             (iii)   whether there have been prior requests

7 for extensions, and whether these requests were granted or

8 denied by the Court.

9        c.   **Joinder of Parties and Amendment of Pleadings**:

10 The deadline for joining parties and amending pleadings is

11 ninety days after the date of this Order.  Any motions to

12 join other parties or for leave to amend the pleadings shall

13 be filed within sixty days of the date of this Order so that

14 they can be heard and decided  prior to the deadline.

15     In addition to the requirements of Local Rule 15-1, all

16 motions to amend the pleadings shall: (1) state the effect of

17 the amendment; (2) be serially numbered to differentiate the

18 amendment from previous amendments; and (3) state the page,

19 line number(s), and  wording of any proposed change or

20 addition of material.

21     The parties shall deliver to Chambers a  redlined version

22 of the proposed  amended  pleading indicating all additions

23 and deletions of material.

24        d.   **Summary Judgment Motions**:  The Court will

25 require adherence to the following requirements:

26             (i)   **Separate Statement of Uncontroverted Facts**

27 **and Statement of Genuine Issues of Material Fact**:

28

1       The Separate Statement of Uncontroverted Facts is to be

2   prepared in a two column format.  The left-hand column should

3   set forth the allegedly undisputed fact.  The right-hand

4   column should set forth the evidence that supports the

5   factual statement.  The factual statements should be set

6   forth in sequentially numbered paragraphs.  Each paragraph

7   should contain a narrowly focused statement of fact.  Each

8   numbered paragraph should address a single subject in as

9   concise a manner as possible.

10       The opposing party's Statement of Genuine Issues of

11   Material Fact must be in two columns and track the movant's

12   Separate Statement exactly as prepared.  The document must be

13   in two columns; the left-hand column must restate the

14   allegedly undisputed fact, and the right-hand column must

15   indicate either undisputed or disputed.  The opposing party

16   may dispute all or only a portion of the statement, but if

17   disputing only a portion, must clearly indicate what part is

18   being disputed.  Where the opposing party is disputing the

19   fact in whole or part, the opposing party must, in the

20   right-hand column, label and restate the moving party's

21   evidence in the support of the fact, followed by the opposing

22   party's evidence controverting the fact.  Where the opposing

23   party is disputing the fact on the basis of an evidentiary

24   objection, the party must cite the evidence alleged to be

25   objectionable and state the ground of the objection and

26   nothing more.  **No argument should be set forth in this**

27   **document.**

28

1    The opposing party may submit additional material facts

2    that bear on or relate to the issues raised by the movant,

3    which shall follow the format described above for the moving

4    party's Separate Statement.  These additional facts shall

5    follow the movant's facts, shall continue in sequentially

6    numbered paragraphs (i.e. if movant's last statement of fact

7    was set forth in paragraph 30, then the first new fact will

8    be set forth in paragraph 31), and shall set forth in the

9    right-hand column the evidence that supports that statement.

10    The moving party, in its reply, shall respond to the

11    additional facts in the same manner and format that the

12    opposing party is required to adhere to in responding to the

13    Statement of Uncontroverted Facts, as described above.

14            (ii)   **Supporting Evidence**.  No party should

15    submit any evidence other than the specific items of evidence

16    or testimony necessary to support or controvert a proposed

17    statement of undisputed fact.  Thus, for example, the entire

18    transcripts of depositions, entire sets of interrogatory

19    responses, and documents that do not specifically support or

20    controvert material in the Separate Statements should not be

21    submitted in support of or in opposition to a motion for

22    summary judgment.

23    Evidence submitted in support of or in opposition to a

24    motion for summary judgment should be submitted either by way

25    of stipulation or as exhibits to a declaration sufficient to

26    authenticate the proffered evidence, and should not be

27    attached to the memorandum of points and authorities.  The

28    Court will accept counsel's authentication of deposition

1   transcripts, written discovery responses, and the <u>receipt</u> of

2   documents in discovery <u>if the fact that the document was in</u>

3   <u>the opponent's possession is of independent significance</u>.

4   Documentary evidence as to which there is no stipulation

5   regarding foundation must be accompanied by the testimony,

6   either by declaration or properly authenticated deposition

7   transcript, of a witness who can establish its authenticity.

8        All evidence in support of or in opposition to a motion

9   for summary judgment, including declarations and exhibits to

10  declarations, shall be separated by a tab divider on the

11  bottom of the page.  If evidence in support of or in

12  opposition to a motion for summary judgment exceeds twenty

13  pages, the evidence must be in a separately bound volume and

14  include a Table of Contents.  If the supporting evidence

15  exceeds fifty pages, the Court's courtesy copy of the

16  supporting evidence shall be placed in a Slant D-Ring binder

17  with each item of evidence separated by a tab divider on the

18  right side.  All documents contained in the binder should be

19  three-hole-punched with the oversized 13/32" hole size, not

20  the standard 9/32" hole size.

21             (iii)  <u>**Objections to Evidence**</u>.  If a party

22  disputes a fact based in whole or in part on an evidentiary

23  objection, the ground for the objection, as indicated above,

24  should be stated in the Separate Statement, but not argued in

25  that document.  Evidentiary objections should be addressed in

26  a separate memorandum to be filed with the opposition or

27  reply brief of the party.  This memorandum should be

28  organized <u>**to track the paragraph numbers of the Separate**</u>

9

1 **Statement in sequence**. It should identify the specific item
2 of evidence to which objection is made, the ground for the
3 objection, and a very brief argument with citation to
4 authority as to why the objection is well taken. The
5 following is an example of the format contemplated by the
6 Court:

7    <u>Separate Statement Paragraph 1</u>: Objection to the
8 supporting deposition transcript of Jane Smith at 60:1-10 on
9 the grounds that the statement constitutes inadmissible
10 hearsay and no exception is applicable. To the extent it is
11 offered to prove her state of mind, it is irrelevant since
12 her state of mind is not in issue. Fed. R. Evid. 801, 802.
13 DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE
14 OPPONENT'S STATEMENTS OF UNDISPUTED FACT. THESE WILL BE
15 DISREGARDED AND OVERRULED.

16    (iv)  <u>The Memorandum of Points and Authorities</u>.
17 The movant's memorandum of points and authorities should be
18 in the usual form required under Local Rule 7 and should
19 contain a narrative statement of facts as to those aspects of
20 the case that are before the Court. All facts should be
21 supported with citations to the paragraph number in the
22 Separate Statement that supports the factual assertion.

23    Unless the case involves some unusual twist, the motion
24 need only contain a brief statement of the Fed. R. Civ. P. 56
25 standard; the Court is familiar with the Rule and with its
26 interpretation under Celotex and its progeny. If at all
27 possible, the argument should be organized to focus on the
28 pertinent elements of the claim(s) for relief or defense(s)

1 in issue, with the purpose of showing the existence or

2 non-existence of a genuine issue of material fact for trial

3 on that element of the claim or defense.

4     Likewise, the opposition memorandum of points and

5 authorities should be in the usual form required by Local

6 Rule 7.  Where the opposition memorandum sets forth facts,

7 the memorandum should cite to paragraphs in the Separate

8 Statement if they are not in dispute, to the evidence that

9 contravenes the fact where the fact is in dispute, or, if the

10 fact is contravened by an additional fact in the Statement of

11 Genuine Issues of Material Fact, the citation should be to

12 such fact by paragraph number.

13     (v)  **Proposed Statement of Decision**.  Each party

14 shall file and serve a Proposed Statement of Decision, which

15 shall contain a statement of the relevant facts and

16 applicable law with citations to case law and the record.

17 The Proposed Statement of Decision shall not exceed five

18 pages and shall be in a form that would be appropriate for

19 the Court to enter as its final order on the motion.

20     (vi)  **Timing**.  In virtually every case, the

21 Court expects that the moving party will provide more than

22 the minimum twenty-one day notice for such motions.

23 [**NOTE**:  Parties need not wait until the motion cut-off to

24 bring motions for summary judgment or partial summary

25 judgment.  Early completion of non-expert discovery and

26 filing of motions for summary judgment may eliminate or

27 reduce the need for expensive expert depositions that are

28 normally conducted in the last stages of discovery.]

11

1      e.  **Avoid Composite Motions**.  Unless clearly

2  justified under the circumstances of the case, "motions to

3  dismiss or in the alternative for summary adjudication" are

4  discouraged.  These composite motions tend to blur the

5  distinctions between the two motions.

6      f.  **Motions in Limine**.  Before filing any motion in

7  limine, counsel for the parties shall confer in good faith to

8  eliminate the necessity for hearing the motion in limine or

9  to eliminate as many of the disputes as possible.  It shall

10 be the responsibility of counsel for the moving party to

11 arrange for this conference.  The motion papers must include

12 a declaration showing a good faith meet and confer effort.

13     Unless otherwise ordered by the Court, motions in limine

14 will be heard on the date specified on the last page of this

15 Order.  Unless the Court in its discretion otherwise allows,

16 no motions in limine shall be filed or heard on an ex parte

17 basis, absent a showing of irreparable injury or prejudice

18 not attributable to the lack of diligence of the moving

19 party.

20     7.  **Final Pre-Trial Conference and Local Rule 16 Filings**

21     a.  **General Provisions**.  The Final Pre-Trial

22 Conference ("FPTC") will be held on the date specified on the

23 last page of this Order, unless the Court expressly waived

24 the FPTC at the Scheduling Conference.  (In the rare cases

25 where the Court waives a FPTC, the parties must follow Local

26 Rule 16-10.)

27     The lead trial attorney on behalf of each party shall

28 attend both the FPTC and all meetings of the parties in

12

1 | preparation for the FPTC, unless excused for good cause shown
2 | in advance of the FPTC.
3 |     At the FPTC, the parties should be prepared to discuss
4 | means of streamlining the trial, including, but not limited
5 | to the following: bifurcation; presentation of foundational
6 | and non-critical testimony and direct testimony by deposition
7 | excerpts; narrative summaries and/or stipulations as to the
8 | content of testimony; presentation of testimony on direct
9 | examination by affidavit or by declaration subject to
10 | cross-examination; and qualification of experts by admitted
11 | resumes.  The Court will also discuss settlement.
12 |     b.  **Form of the Final Pre-Trial Conference Order**
13 | **("FPTCO")**.  The proposed FPTCO shall be lodged by the date
14 | specified on the last page of this Order.  Adherence to this
15 | time requirement is necessary for in-chambers preparation of
16 | the matter.  The form of the proposed FPTCO shall comply with
17 | Appendix A to the Local Rule and the following:
18 |         (i)  Place in "ALL CAPS" and in **bold** the
19 | separately numbered headings for each category in the FPTCO
20 | (e.g., "1. **THE PARTIES**" or "7. **CLAIMS AND DEFENSES OF THE**
21 | **PARTIES**").
22 |         (ii)  Include a Table of Contents at the
23 | beginning.
24 |         (iii) In specifying the surviving pleadings
25 | under Section 1, state which claims or counterclaims have
26 | been dismissed or abandoned (e.g., "Plaintiff's second cause
27 | of action for breach of fiduciary duty has been dismissed.").
28 | Also, in multiple party cases where not all claims or

1  counterclaims will be prosecuted against all remaining

2  parties on the other side, specify to which party each claim

3  or counterclaim is directed.

4        (iv) In drafting the FPTCO, the Court expects

5  that the parties will attempt to agree on and set forth as

6  many uncontested facts as possible.  The Court will usually

7  read the uncontested facts to the jury at the start of the

8  trial.  A carefully drafted and comprehensively stated

9  stipulation of facts will reduce the length of trial and

10  increase jury understanding of the case.

11        **(v) In specifying the parties' claims and**

12  **defenses in Section 7 of the FPTCO, each party shall closely**

13  **follow the examples set forth in Appendix A of the Local**

14  **Rules.**

15        (vi) The Court may submit fact issues to the

16  jury in the form of findings on a special verdict.  The

17  issues of fact should track the elements of a claim or

18  defense on which the jury will be required to make findings.

19        (vii) If expert witnesses are to be called at

20  trial, each party  must list and identify its respective

21  expert witnesses, both retained and non-retained.  Failure of

22  a party to list and identify an expert witness in the FPTCO

23  could result in a court order which precludes the party from

24  calling that expert witness at trial.

25        c.   **Rule 16 Filings; Memoranda; Witness Lists;**

26  **Exhibit Lists.**  The parties must comply fully with the

27  requirements of Local Rule 16.  They shall file carefully

28  prepared Memoranda of Contentions of Fact and Law (which may

1  also serve as the trial brief), along with their respective

2  Witness Lists and Exhibit Lists, all in accordance with Local

3  Rules 16-3, 16-4, and 16-5.  See the last page of this Order

4  for applicable dates.

5        d.  **Summary of Witness Testimony and Time**

6  **Estimates.**  Counsel shall prepare a list of their witnesses,

7  including a brief summary (two to three paragraphs) of each

8  witness's expected testimony, an estimate of the length of

9  time needed for direct examination, and whether the witness

10  will testify by deposition or in person.  Counsel shall

11  exchange these lists with opposing counsel.  **Counsel shall**

12  **jointly file a single list of witness testimony summaries,**

13  **including estimates for direct examination of their own**

14  **witnesses and estimates for cross-examination of opposing**

15  **witnesses.**  The joint witness testimony summaries shall be

16  filed at the same time counsel lodge the FPTCO.  If a party

17  intends to offer deposition testimony into evidence at trial,

18  the party shall designate the relevant portions of the

19  deposition testimony to be read at trial and advise opposing

20  counsel of same.  Opposing counsel shall then designate any

21  additional portions of such deposition testimony which

22  counsel intends to offer in evidence.  All objections to any

23  such testimony shall be made in writing and filed at the same

24  time counsel lodge the FPTCO so that the Court may consider

25  whether ruling on the objections will facilitate trial or

26  result in the disposition of evidentiary matters that may

27  assist continuing settlement negotiations.

28

1    e.   <u>Final Pre-Trial Conference - Exhibit</u>

2  <u>Stipulation</u>.   The parties shall prepare a Final Pre-Trial

3  Exhibit Stipulation that shall contain each party's numbered

4  list of all trial exhibits, with objections, if any, to each

5  exhibit including the basis of the objection and the offering

6  party's response.   All exhibits to which there is no

7  objection shall be deemed admitted.   All parties shall

8  stipulate to the authenticity of exhibits whenever possible,

9  and the Final Pre-Trial Exhibit Stipulation shall identify

10  any exhibits for which authenticity has not been stipulated

11  to and the specific reasons for the party's failure to

12  stipulate.

13    The Stipulation shall be substantially in the following

14  form:

15    <u>Pre-Trial Exhibit Stipulation</u>

16  <u>Plaintiff(s)' Exhibits</u>

17  <u>Number   Description   If Objection, State Grounds</u>

18  <u>Response to Objection</u>

19  <u>Defendant(s)' Exhibits</u>

20  <u>Number   Description   If Objection, State Grounds</u>

21  <u>Response to Objection</u>

22    The Final Pre-Trial Exhibit Stipulation shall be filed at

23  the same time counsel lodge the FPTCO.   Failure to comply

24  with this paragraph could be deemed to constitute a waiver of

25  all objections..

26    c.   <u>Jury Instructions, Verdict Forms, Special</u>

27  <u>Interrogatories</u>

28

1       (i)  Fourteen days before the Local Rule 16-2
2  meeting, the parties shall exchange proposed jury
3  instructions, verdict forms and special interrogatories.
4  Seven days before the meeting, counsel shall exchange written
5  objections, if any, to proposed jury instructions, verdict
6  form and special interrogatories.  At the Local Rule 16-2
7  meeting, the parties shall confer with the objective of
8  submitting one set of agreed upon instructions, a mutually
9  agreed upon verdict form and, if necessary, special
10  interrogatories.
11       (ii)  If the parties cannot agree upon one
12  complete set of instructions, verdict form and/or special
13  interrogatories, they shall file two documents with the
14  Court: a joint document reflecting the agreed upon
15  instructions, verdict form and/or special interrogatories;
16  and a second document in the form of a joint statement
17  regarding the disputed instructions, verdict form, and/or
18  special interrogatories in the following format for each
19  instruction, verdict form and/or special interrogatories in
20  issue:
21       (a)  A separate page containing the text of the
22  disputed language with an identification of the party
23  proposing it;
24       (b)  Following the text of the disputed
25  language, the opposing party's statement of objections to the
26  disputed language along with legal authority in support of
27  the argument (not to exceed one page) and proposed
28  alternative language where appropriate; and

17

(c)  The proposing party's response to the objection with legal authority supporting the proposed language, not to exceed one page.

Both the agreed on set and the joint statement regarding disputed instructions, verdict form, and/or special interrogatories are to be filed with the Final Pre-Trial Conference Order and other Local Rule 16 documents.

(iii) All proposed jury instructions shall be in the format specified by Local Rule 51-2.  The Court will send a copy of the instructions into the jury room for the jury's use during deliberations.  Accordingly, in addition to the file copies described above, counsel shall submit a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. __" (eliminating titles, supporting authority, indication of party proposing, etc.).

(iv) A Table of Contents shall be included with all jury instructions submitted to the Court.  The Table of Contents shall set forth the following:

(a)  The number of the instruction;

(b)  A brief title of the instruction;

(c)  The source of the instruction; and

(d)  The page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Burden of Proof | 9th Cir. Manual of Model Jury Instr. 5.1 | 5 |

18

1      (v)  The Court directs counsel to use the
2 instructions from the Manual of Model Jury Instructions for
3 the Ninth Circuit (West Publishing, latest edition) where
4 applicable.  Where California law is to be applied and the
5 above instructions are not applicable, the Court prefers
6 counsel to use the Judicial Council of California Civil Jury
7 Instructions ("CACI") (LexisNexis Matthew Bender, latest
8 edition).  If neither of these sources is applicable, counsel
9 are directed to use the instructions from O'Malley, Grenig
10 and Lee, Federal Jury Practice and Instructions (latest
11 edition).

12      (vi) Modifications of instructions from the
13 foregoing sources (or any other form instructions) must
14 specifically state the modification made to the original form
15 instruction and the authority supporting the modification.

16 **Caveat**:  **The failure of any counsel to comply with or**
17 **cooperate in all of the foregoing procedures regarding jury**
18 **instructions may result in sanctions, including in**
19 **appropriate circumstances,  a waiver of all objections to the**
20 **jury instructions given by the Court.**

21      g.  **Joint Statement of the Case and Requests for**
22 **Voir Dire.**  At the Final Pre-Trial Conference, the parties
23 shall file their proposed voir dire questions and their joint
24 statement of the case which the Court shall read to all
25 prospective jurors prior to the commencement of voir dire.
26 The statement should not be longer than two or three
27 paragraphs.

28

1    The Court conducts voir dire of all prospective jurors.

2   The parties need not submit requests for standard voir dire

3   questions, such as education, current occupations, marital

4   status, prior jury service, etc., but should include only

5   proposed questions specifically tailored to the parties and

6   issues of the case.

7       7.   <u>COURT TRIAL: FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

8   Counsel for each party shall lodge and serve initial proposed

9   findings of fact and conclusions of law by the date specified

10   on the last page of this Order. Courtesy copies of the

11   documents shall also be deposited in the drop box/tray

12   located at the entrance way to the Judge's Chambers on the

13   due date by 4:00 p.m.

14       8.   <u>Settlement</u>

15   The parties must file a Status Report regarding settlement at

16   the time they lodge the Proposed Final Pre-Trial Conference

17   Order.  This Report shall not disclose the parties'

18   settlement positions, i.e. the terms of any offers or

19   demands.  It shall merely describe the efforts made by the

20   parties to resolve the dispute informally, i.e. the occasions

21   and dates when the parties participated in mediations or

22   settlement conferences.

23

24   Dated: June 18, 2007

    *Valerie Baker Fairbank*
    _____
    VALERIE BAKER FAIRBANK
    United States District Judge

25

26

27

28

20

JUDGE VALERIE BAKER FAIRBANK

SCHEDULE OF TRIAL AND PRE-TRIAL DATES

Scheduling Conference Notes
For The Honorable Judge Valerie Baker Fairbank,
U.S. District Judge

1.   Parties and Case Number:

    a.   X17, Inc., v. Mario Lavandeira, dba Perez Hilton

    b.   Case number: CV 06-7608-VBF(JCx)

2.   Trial: March 11, 2008 at 8:30 AM

    a.   Jury     __X___

    b.   Court     _____

    c.   Time Est.: 7-10 days

3.   FPTC: February 25, 2008 at 2:30 PM

4.   Motion Cut-off (hearing) 1/28/08; to file 12/17/07

5.   Non-expert Discovery Cut-off: 11/30/07

6.   Expert Discovery Cut-off: 2/18/08

    _____

    _____

    _____

7.   Cut-off for adding parties/ Amending cut-off

    _____

8.   ADR _____

9.   Settlement Conference to be held no later than November 30, 2007.

***Dates are firm.  Counsel are on notice.  Court is unlikely to continue dates, absent a showing of good cause.

21

1                             **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1106,

4   Los Angeles, California 90067.

5          On December 27, 2007, I served the foregoing document described as **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

6   on the parties in this action by serving:

7                       **SEE ATTACHED SERVICE LIST**

8   **( X )  By Envelope:** by placing ( ) the original ( X ) a true copy thereof enclosed in sealed

9   envelopes addressed as above and delivering such envelopes:

10  **( X )  By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

11  postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed

12  invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13  **( )    By Personal Service:** I delivered such envelope by hand to the offices of the addressee(s).

14
    **( )    By Federal Express:** I caused the envelope(s) to be delivered to the Federal Express office

15  for delivery on the next-business-day basis to the offices of the addressee(s).

16  **( )    By Electronic Mail:** I scanned and submitted an electronic versions of the document via

17  electronic mail to the above and confirmed receipt of the e-mail.

18  **( X )   By Facsimile Transmission:** On December 27, 2007, I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-557-9101, to the offices of the

19  addressee(s) at the facsimile number(s) so indicated. The transmission was reported as complete and without error.

20        Executed on December 27, 2007, at Los Angeles, California.

21  **( X )  FEDERAL** I declare that I am employed in the office of a member of the bar of this court

22  at whose direction the service was made.

23

24                                          _____
                                            Stacy Van Pelt

25

26

27

28

## SERVICE LIST

Chris Arledge, Esq.
Turner Green Afrasiabi & Arledge LLP
535 Anton Boulevard
Suite 850
Costa Mesa, CA 92626
(If by fax:  (714) 434-5756)
If by e-mail:  carledge@turnergreen.com

Bryan Freedman, Esq.
1901 Ave of the Stars #500
Los Angeles, CA 90067-6007